IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVE HYDOCK,<br><br>            Plaintiff,<br><br>vs.<br><br>HENANSHENGTOUYOUSHANGMAOYOUXIANGONGSI d/b/a "Touyoo", *et al.*,<br><br>            Defendants. | CASE NO. 1:24-cv-1486-CEF<br><br>DISTRICT JUDGE<br>CHARLES ESQUE FLEMING<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT AND RECOMMENDATION** |

On September 10, 2024, Plaintiff Dave Hydock filed a series of motions which were previously attached only as exhibits to his complaint, which was filed on August 28, 2024. *See* Doc. 1. Among those filings were "Plaintiff's Ex Parte Application For Entry Of Temporary Restraining Order, Preliminary Injunction, And Order Restraining Transfer Of Assets And Incorporated Memorandum of Law." Doc. 6. For the following reasons, the Court recommends that Hydock's motion for an *ex parte* temporary restraining order be denied.

**Legal Standard**

When considering a motion for a temporary restraining order (TRO) under Federal Rule of Civil Procedure 65, courts consider whether the plaintiff has met its burden in establishing the following four factors: (1) whether the moving party has a strong or substantial likelihood of success on the merits;

(2) whether the moving party will suffer irreparable harm unless injunctive relief is granted; (3) whether the requested relief will cause substantial harm to others; and (4) whether injunctive relief is in the public interest. *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union*, 467 F.3d 999, 1009 (6th Cir. 2006); *see also Jones v. Caruso*, 569 F.3d 258, 265 (6th Cir. 2009). "These factors are not prerequisites but are factors that are to be balanced against each other." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Under Rule 65(b)(1), the Court *may* issue a TRO without notice, either in writing or orally, to the opposing party or their attorney *only if*:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

**Discussion**

As an initial matter, Hydock has captioned the instant filing an *ex parte* application[1] and requested that it be sealed until the injunctive relief requested is granted. *See* Docs. 5, 6. Although a separate Order will address

---

[1] The Court notes that although the caption indicates this is an *ex parte* application for TRO, it was filed by Hydock's counsel on the public docket.

2

Hydock's request that certain documents be sealed, it bears mentioning here that Hydock's TRO application does not contain a sufficient basis to support a request that it sealed. The relief requested in this action, as stated in the Complaint, arises out of alleged violations of copyright and trademark protection statutes. Doc. 1, at 11–12. Hydock has requested either "actual damages … or statutory damages," *id.*, at 11, and the latter constitutes a legal remedy, *see Zorro Productions, Inc. v. Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A Hereto*, No. 23-cv-5761, 2023 WL 8807254, at *4 (N.D. Ill. Dec. 20, 2023) (distinguishing "remedies at law – such as statutory damages" and equitable monetary relief, a distinction which "affects the calculus when it comes to an asset freeze"). Legal remedies generally do not provide a basis for the prejudgment restraint of assets, let alone restraints on assets without notice to the other side. *See e.g.*, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999); *Zorro Productions, Inc.*, 2023 WL 8807254 at *4 (finding that no asset freeze was appropriate because plaintiffs had not established that they were entitled to or seeking equitable relief). Hydock did not acknowledge these cases, or any others—in either his TRO application or his motion to seal—to address whether the requested TRO may or may not be appropriate under the circumstances, let alone whether it would be appropriate on an *ex parte* and sealed basis.

As to the substance of Hydock's TRO application, Hydock has provided neither caselaw nor an explanation of the standard by which courts consider a request for TRO. He also has not attempted to articulate a basis for the Court to conclude that the facts could meet the applicable standard. *See* Doc. 6. In fact, Hydock's application is devoid of any legal citation related to the TRO which it requests. *Id.* Hydock makes no argument related to the merits of his claims, does not address whether the requested relief would cause substantial harm to others, and takes no position on whether the application is in the public interest. The Court will not make these arguments for him. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[I]t is not the obligation of [a] court to research and construct legal arguments open to parties, especially when they are represented by counsel . . . .").

The sole factor that Hydock arguably addresses, albeit only in his counsel's affidavit in support of the application, is the risk of irreparable harm based on defendant's alleged activity. *See* Doc. 6-1, at 4. But there is no corresponding argument related to the irreparable harm factor in Hydock's memorandum in support of the requested TRO. So the issue of irreparable harm is not properly before the Court.

Moreover, even if the issue were properly presented, although the potential harm described in counsel's affidavit could cause Hydock damage, he provides no clear description of specific harms that he has suffered or will continue to suffer. Instead, the affidavit describes general harms that may be

4

expected to occur based on the type of infringement alleged. *Id.* Rule 65(b)(1)(A), however, requires that a party requesting issuance of a TRO without notice to the defendant include an affidavit describing what irreparable harm will occur before the defendant "can be heard in opposition." But nothing in counsel's affidavit describes specifically what harm will occur before the defendants can be heard. Instead, the *ex parte* nature of Hydock's TRO application appears to be entirely based on Hydock's desire to obtain relief without giving notice at all, rather than based on a difficulty with timely providing such notice.

The two final sections of Hydock's counsel's affidavit describe that an *ex parte* TRO is appropriate because of the potential that defendants may dispose of the profits allegedly improperly earned if they receive notice of this action against them. Doc. 6-1, at 5. Counsel opines that the defendants may transfer funds on receiving notice of this action. Counsel provides no evidence to suggest that such conduct would occur under the circumstances of this case. In fact, Counsel has cited no case in which a court has granted this type of *ex parte* injunctive relief under similar circumstances. The case arises from alleged copyright and trademark infringement, not a history of fraudulent financial conduct. Without more, the Court has no basis to believe that the defendants would improperly move funds to evade accountability if they are ultimately found to have violated the statutes at issue.

5

As a final issue, Hydock's motion appears to request that the Court order the third-party selling platform, Amazon, freeze or otherwise restrain defendant's payment accounts. *See* Doc. 6-1, at 7. Hydock claims, without support, that Amazon can identify and restrain the payment accounts that are allegedly at issue. *Id.* Based on the limited information provided at this time, the Court has no basis to recommend the grant of a TRO—especially one sought *ex parte*—that would not only restrain the defendants to this action but also compel conduct by a non-party.

**Conclusion**

For the reasons stated, the Court recommends that Hydock's application for a TRO, Doc. 6, be DENIED without prejudice.

Dated: September 12, 2024

                                          */s/ James E. Grimes Jr.*
                                          James E. Grimes Jr.
                                          U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).